```
        IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF ALABAMA
                 SOUTHERN DIVISION
```

GABRIEL DORTCH, :
:
    Plaintiffs, :
: CIVIL ACTION 10-0669-KD-M
v. :
:
BELLSOUTH COMMUNICATIONS, INC., :
:
    Defendant. :

## ORDER

Plaintiff has filed a Motion to Dismiss (Doc. 17). Plaintiff's Motion is **DENIED** (Doc. 17).

This action was filed in the Mobile County Circuit Court on November 1, 2010 by Plaintiff against Defendant, claiming fraud and deceit (*see* Doc. 1). The action was removed to this Court on December 3, 2010 (Doc. 1). Defendant filed an answer to the complaint on December 6, 2010 (Doc. 4). The discovery cutoff was September 30, 2011 (Doc. 11). Defendant filed its Motion to Dismiss on October 12, 2011 on the basis of Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. 17).

Rule 12(b) states that "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required." As noted previously, Defendant filed an answer on December 6, 2010 (Doc. 4).

1

Rule 12(b) further states that "a party may assert the following defenses by motion: [] failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). However, the rule goes on to state that "[a] motion asserting any of these defenses **must be made before pleading** if a responsive pleading is allowed." Fed.R.Civ.P. 12(b) (emphasis added).

In this action, responsive pleadings were required. Accordingly, the filing of this Motion, just before motions for summary judgment are due,[1] comes too late. *See Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 971 n.6 (11th Cir. 2002) ("After answering the complaint, the defendants filed Rule 12(b)(6) motions to dismiss the plaintiffs' claims. Under Rule 12(b), these motions were a nullity; by filing an answer, the defendants had eschewed the option of asserting by motion that the complaint failed to state a claim for relief). Because Defendant did not avail itself of the opportunity to file this Motion in a timely manner, as set out in Fed.R.Civ.P. 12(b), it comes too late and must be **DENIED**.

The Court further notes that the Rule 16(b) Scheduling Order also instructed the parties as follows: "On or before **September 30, 2011**, the parties shall confer for the purpose of

---

[1] Motions for summary judgment are due no later than October 21, 2011 (Doc. 11, ¶ 11).

2

discussing settlement and shall file with the Clerk of Court a joint statement setting out the present status of settlement negotiations (without disclosing figures) and whether mediation or a settlement conference would be helpful" (Doc. 11, ¶ 12) (emphasis in original).  As of this date, the parties have not complied with the Scheduling Order in this regard.  Therefore, the parties are **ORDERED** to file this statement with the Court, **not later than October 19, 2011**.

    DONE this 13th day of October, 2011.

                                s/BERT W. MILLING, JR.
                                UNITED STATES MAGISTRATE JUDGE