## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| GABRIEL DORTCH,  )<br>    Plaintiff,  )<br>  )<br>v.  )<br>  )<br>BELLSOUTH TELECOMMUNICATIONS )<br>INC.,  )<br>    Defendant.  ) | CIVIL ACTION NO.: 10-00669-KD-M |

### ORDER

This matter is before the Court on Defendant's Motion for Summary Judgment (Doc. 21), to which no response has been filed by Plaintiff; Defendant's Motion for Sanctions (Doc. 22) to which no response has been filed by Plaintiff; and Plaintiff's Motion to Dismiss (Doc. 24), Defendant's Response (Doc. 26) and Plaintiff's Reply (Doc 29).

### I.   Factual Background

On November 1, 2010, Plaintiff Gabriel Dortch ("Plaintiff") initiated this litigation in the Circuit Court of Mobile County, Alabama against Defendant Bellsouth Telecommunications, Inc. ("Bellsouth") alleging one (1) count for fraud/deceit and claiming that while employed, Bellsouth made false and misleading statements to him and to his union. (Doc. 1 at 12-14). On December 3, 2010, Bellsouth removed this action, asserting that Plaintiff's claims (if true) arise under the *Labor Management Relations Act of 1947*, 29 U.S.C. § 141 *et seq*. (Doc. 1).

### II.   Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED.

R. CIV. P. 56(a) (Dec. 2010). The recently amended Rule 56(c) provides as follows:

> *(1) Supporting Factual Positions.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> *(2) Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> *(3) Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.
>
> *(4) Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

FED.R.CIV.P. Rule 56(c) (Dec. 2010).

Bellsouth, as the party seeking summary judgment, bears the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).  If the nonmoving party fails to make "a sufficient showing on an essential element of her case with respect to which she has the burden of proof," the moving party is entitled to summary judgment. Celotex, 477 U.S. at 323. "In reviewing whether

the nonmoving party has met its burden, the court must stop short of weighing the evidence and making credibility determinations of the truth of the matter. Instead, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 998-999 (11th Cir. 1992), cert. den., 507 U.S. 911 (1993) (internal citations and quotations omitted).

**III.    Discussion**

Bellsouth moves for summary judgment on the basis that Plaintiff has been unable to identify "even one false statement that Bellsouth made to him" such that he has no evidence to support his claim for deceit/fraud, and that regardless, his claim is barred by the statute of limitations. (Doc. 21-1 at 2). The Court finds that Plaintiff's claim is time-barred.

In his Complaint Plaintiff asserts a claim for fraud and deceit, alleging that Bellsouth "during 2007…coerced him to create numerous false customer service billing and maintenance records" and that he "discovered in November, 2008, that [Bellsouth] represented to the Union and the Plaintiff that it had not forced Plaintiff to create false billing and maintenance records during the Union's grievance investigation." (Doc. 1 at 13 at ¶4). Plaintiff contends Bellsouth's misrepresentation was knowingly and with the intent to defraud and deceive him and/or his Union in violation of §§ 6-5-103 and 6-5-104 of the Alabama Code. (Id.)

Under Alabama law, to establish a claim for fraudulent misrepresentation, Plaintiff must establish that: 1) Bellsouth made a misrepresentation (false statement); 2) concerning a material existing fact; 3) Plaintiff relied on the misrepresentation; and 4) the reliance was to Plaintiff's detriment (*i.e.*, he was damaged as a proximate result of so relying). Ala. Code § 6-5-101 (1975). See, e.g., Ex parte Novartis Pharms. Corp., 991 So.2d 1263, 1275 (Ala. 2008); Boswell v.

3

Liberty Nat'l Life Ins. Co., 643 So.2d 580, 581 (Ala. 1994).  Fraud claims in Alabama are subject to a two-year statute of limitations.  See, e.g., Auto Owners Ins. Co. v. Abston, 822 So.2d 1187, 1194 (Ala. 2011); Farr v. Gulf Agency, 2011 WL 2420844, *4 (Ala. 2011).  See Ala. Code § 6-3-38(l) (providing that "[a]ll actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years[]")." This statute of limitations is subject to the "saving clause" provided by § 6-2-3 which provides that "[i]n actions seeking relief on the ground of fraud where the statute has created a bar, the claim must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud, after which he must have two years within which to prosecute his action."  See, e.g., Ex parte Seabol, 782 So.2d 212, 216 (Ala. 2000). Section 6-2-3 supplies an objective test, tolling the statute of limitations on a fraud claim until the aggrieved party discovers or, in the exercise of reasonable care, should have discovered, the facts constituting the fraud. Id. at 216.  See also Foremost Ins. Co. v. Parham, 693 So.2d 409, 421 (Ala. 1997). The limitations period commences when the plaintiff discovers the fraud or when facts are known "which would put a reasonable mind on notice that facts to support a claim of fraud might be discovered upon inquiry." Abston, 822 So.2d at 1195.

    As alleged, Plaintiff claims that the misrepresentation[1] was made while he was employed at Bellsouth (which ended in October 2007) and also, that he discovered said misrepresentation in November 2008.  (Doc. 21-2 Dep. Dortch at 67-68)).  The evidence reveals that Plaintiff had

---

[1] As the basis for his claim, Plaintiff contends that the misrepresentation consists of Bellsouth stating that he did not have to falsify records "to make my numbers" when in actuality, he did: "[t]he misrepresentation that I'm saying that BellSouth made, they instructed me to make my numbers, and they said that we did not-that I did not have to falsify my records to make my numbers[]" "but I knew I did have to falsify records."  (Doc. 21-2 (Dep. Dortch at 76, 80-81)).  Plaintiff explains his fraud claim as one for falsification of records ("I was instructed that we did not have to falsify, but we know we did[]" and that someone at Bellsouth told him he should be able to make his

actual knowledge of the alleged misrepresentation in 2005, 2006 and in the Summer of 2007. (Id. (Dep. Dortch at 90-96)).  Plaintiff initiated this action on November 1, 2010 – more than three (3) years after the Summer of 2007 (the latest alleged misrepresentation). As such, Plaintiff's fraud claim is barred. Even assuming *arguendo* that the Court could measure the fraud claim from the time Plaintiff alleges he "*discovered*" it "for the first time" in November 2008 (Doc. 1 at 12-13 at ¶4), his claim still fails.  "When, as in this case, the plaintiff's complaint on its face is barred by the statute of limitations, the complaint must also show that he…falls within the savings clause of § 6-2-3." Miller v. Mobile Cty. Bd. of Health, 409 So.2d 420, 422 (Ala. 1981). "[T]he burden is upon he who claims the benefit of § 6-2-3 to show that he comes within it." Amason v. First State Bank of Lineville, 369 So.2d 547, 551 (Ala. 1979). See also e.g., Hicks v. Globe Life & Accident Ins. Co., 584 So.2d 458 (Ala. 1991).  Plaintiff's Complaint must allege the time and circumstances of the discovery of the cause of action, and facts or circumstances by which Bellsouth concealed the cause of action or injury and what prevented Plaintiff from discovering the facts surrounding same. See, e.g., Smith v. Nat'l Sec. Ins. Co., 860 So.2d 343, 345 and 347 (Ala. 2003); Angell v. Shannon, 455 So.2d 823, 823-824 (Ala. 1984); Lowe v. East End Mem'l Hosp. & Health Ctrs., 477 So.2d 339, 341-342 (Ala. 1985); Papastefan v. B & L Constr. Co., 356 So.2d 158, 160 (Ala. 1978); Miller, 409 So.2d at 422; Amason, 369 So.2d at 550. Plaintiff's Complaint does not satisfy this requirement, nor has he provided any additional information in response to Bellsouth's motion.  Thus, Plaintiff has not carried his burden.[2] Accordingly, due to the time-barred nature of Plaintiff's fraud claim, it is **ORDERED** that Bellsouth's motion for summary judgment (Doc. 21) is **GRANTED.**

---

numbers without falsifying but that was not true.  (Id. (Dep. Dortch at 83-85, 95-96)).

Moreover, Bellsouth filed a motion for sanctions against Plaintiff on the grounds that his claim is vexatious and frivolous as a matter of law.  (Doc. 22).  As relief, Bellsouth requests that Plaintiff's case be dismissed.  Because the Court has granted summary judgment in favor of Bellsouth, the Court finds that Bellsouth's Motion for Sanctions (Doc. 22) is **MOOT.**

Further, Plaintiff filed a motion to dismiss (Doc. 24), stating that he has been unable to conduct discovery "per previous agreement of counsel, and…cannot go forward with this case." Bellsouth opposes Plaintiff's motion to the extent it characterizes Bellsouth as thwarting the discovery process, but agrees that the case should be dismissed.  (Doc. 26).  In his Reply, Plaintiff explains that without depositions, he could not "form any meaningful response to other motions," he "opted to voluntarily dismiss this action" and presently seeks dismissal with each party to bear its own costs.  (Doc. 29 at 2).  The Court finds that Plaintiff's motion to dismiss is **MOOT** as summary judgment has been granted in favor of Bellsouth.

As provided in Rule 58 of the Federal Rules of Civil Procedure, a separate Final Judgment shall issue contemporaneously with this Order.

**DONE** and **ORDERED** this the **28th** day of **November 2011.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[2] Plaintiff did not file a response in opposition to the summary judgment motion.